UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAL HASANI EFIA BATTLE-EL,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Civil No. 07cv2376-L(JMA)<br><br>**ORDER DENYING SECOND REQUEST FOR ENTRY OF DEFAULT** [doc. #9] |

Plaintiff, appearing without counsel, filed a civil complaint against the Department of Veterans Affairs and filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 that the Court granted on December 21, 2007. [doc. #3]. By that Order, plaintiff was sent an "IFP Packet." The IFP Packet contains a conformed copy of the complaint and a copy of the Order granting the petition to proceed *in forma pauperis*. Also included in the IFP Packet are copies of the complaint, summons, and U.S. Marshal service forms. A letter from the Clerk of the Court accompanies these documents. The letter states in relevant part:

> It is your responsibility to complete the Marshal 285 forms and mail them together with the complaint and summons to the U.S. Marshal's office at the address given below.
> **You must provide the U.S. Marshal with a complaint, summons, and Marshal service form for each defendant to be served.**

(Attachment to summons [doc. #4](emphasis added)).

Plaintiff filed a request for entry of default against defendant Department of Veterans

1 Affairs. Plaintiff stated in his "proof of service/declaration of service" that defendant
2 Department of Veterans Affairs was served on January 9, 2008, and because it had not
3 responded to the complaint within 60 days, he was entitled to default for defendant's failure to
4 plead or otherwise defend. The Court denied plaintiff's request without prejudice because he
5 had not served a copy of the summons and the complaint on the United States attorney for the
6 district where the action is brought, and on the Attorney General of the United States at
7 Washington, D.C. *See* FED. R. CIV. P. 4(i)(1)(A)(i) and (ii), 4(i)(1)(B), and 4(I)(2). *See* Order
8 filed March 24, 2008 [doc. #8].

9 Plaintiff again seeks entry of default. Rather than make use of the United States Marshal
10 Service for service of process on the United States attorney for the Southern District of
11 California and on the Attorney General of the United States, plaintiff states in his proof of
12 service attached to his request for entry of default, that on "April 7, 2008 I mailed from the
13 United States Post Office . . . by certified mail return receipt requested . . . copies of the
14 following documents: (1) Civil Complaint . . . (2) Copy of Summons (3) Request for Clerk's
15 Entry of Default (4) Declaration and Proof of Service."

16 First, the Court notes that plaintiff has not complied with Federal Rule of Civil Procedure
17 4(c)(2):

18 **(c) Service**
  **(2) By Whom.** Any person who is at least 18 years old **and not party** may
19       serve a summons and complaint.

20 FED. R. CIV. P. 4(c)(2). Plaintiff may not serve the summons and complaint himself.

21 Next, plaintiff appears to believe that service of process is effectuated on the date the
22 Complaint and Summons are mailed. It is not. Plaintiff has not provided an affidavit
23 demonstrating that service of process has been effectuated. Instead, plaintiff states that he
24 mailed the Summons and Complaint to the Attorney General and the United States Attorney for
25 this district but mailing alone does not provide proof of service. "Except for service by a United
26 States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P.
27 4(l)(1). There must be some indication in the record that the party being served has received the
28 summons and complaint and here, there is no showing that the summons and complaint have

been received.

Finally, if service has been effectuated properly,

> [t]he United States, a United States agency, of a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within **60 days after service on the United States attorney.**

FED. R. CIV. P. 12(a)(2)

Because plaintiff has attempted service himself; has not demonstrated that service of process has been effectuated by the filing of a return of service with respect to the United States Attorneys' Office for the Southern District of California, and the Attorney General of the United States in addition to the Department of Veterans Affairs; and the 60 days time period for filing an Answer or otherwise responding to the Complaint **after** service has been effectuated has not passed, plaintiff is not entitled to entry of default at this time.

Accordingly, plaintiff's second request for entry of default is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: April 9, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL