KAREN P. HEWITT
United States Attorney
MEGAN CALLAN
Assistant U.S. Attorney
California State Bar No. 230329
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7120
Fax: (619) 557-5004
Email: Megan.Callan@usdoj.gov

Attorneys for the Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karal Hasani Efia Battle-El,  )<br>  )<br>        Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>United States Department of Veterans )<br>Affairs,  )<br>  )<br>        Defendant.  )<br>  )<br>_____ ) | Civil No. 07cv2376-L (JMA)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO DISMISS<br><br>[Fed.R.Civ.P. 12(b)(1)]<br><br>Date:  July 21, 2008<br>Time:  10:30 am<br>Court: 14<br>The Honorable M. James Lorenz |

I

INTRODUCTION

Plaintiff asks the Court to compel Defendant to disclose the records named in Plaintiff's Complaint and provide copies of those records to Plaintiff. Complaint at 3. Plaintiff alleges that the Court has jurisdiction over his Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1/] However, FOIA only provides district courts with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

Plaintiff has not alleged or demonstrated that he made a FOIA request to Defendant as required. *See id.* at § 552(a)(3)(A).[2/] Defendant never had an opportunity to respond to an administrative FOIA request, and for that reason no agency records have been improperly withheld. This Court lacks subject matter jurisdiction to grant the requested relief, and therefore Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

II

FACTUAL AND PROCEDURAL BACKGROUND[3/]

Plaintiff filed his "Complaint for Relief Under the Freedom of Information Act" on December 19, 2007. Defendant was not properly served. On March 14, 2008, Plaintiff sought an entry of default against Defendant. The Court denied this motion because Plaintiff had not demonstrated that service of process had been effectively completed. [Doc. no. 8] On April 7, 2008, Plaintiff again sought an entry of default, and the second motion was denied for the same reason. [Doc. no. 10] Plaintiff then moved for the Court to effect service of summons by the United States Marshal. The Court granted this motion. [Doc. no. 12] The United States Attorney's Office was served on April 28, 2008.

---

[1/]  All references herein to the United States Code are to Title 5 unless otherwise noted.

[2/]  "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

[3/]  The facts are taken from Plaintiff's Complaint and the exhibits attached thereto and, for purposes of this motion only, are presumed true.

In the Complaint, Plaintiff alleges that he was notified by Defendant of an indebtedness of some $2,267.00 and that he subsequently disputed that debt and requested a waiver of indebtedness. *See* Complaint at 1; Attachments to Complaint at p. 1-2.[4/]  Plaintiff does not allege or demonstrate that he ever made a FOIA request for any records from Defendant. *See* 5 U.S.C. § 552(a)(3)(A). Plaintiff's Complaint should be dismissed under Rule 12(b)(1) because he has not alleged or demonstrated that he ever made an administrative FOIA request for specific records. This failure means that the Court lacks subject matter jurisdiction over this Complaint and that Plaintiff failed to exhaust his administrative remedies. Moreover, FOIA does not provide for a request for an "oral hearing," as alleged by Plaintiff, because a request for an oral hearing is not a "request for records." Complaint at 1; *see also* 5 U.S.C. § 552(a)(3)(A). Without a FOIA request made to Defendant, the agency has no duty to produce the records to Plaintiff and therefore, no records were improperly withheld by Defendant. *See* 5 U.S.C. § 552(a)(3)(A). If no records were improperly withheld, this Court lacks subject matter jurisdiction over the Complaint. *See id.*

### III

### ANALYSIS

A.   <u>Summary of Argument and Rule 12(b)(1) Standard</u>

Under controlling law, FOIA does not confer this Court with subject matter jurisdiction in the absence of a prior, proper administrative FOIA request. In addition, FOIA does not provide a procedure for the request of an oral hearing or a process by which an agency may permit an oral hearing. Because Defendant has had no opportunity to respond to an administrative FOIA request, it has had no opportunity to read Plaintiff's request for records, to search for responsive records, to determine whether

---

[4/]   Defendant numbers the attachments to Plaintiff's Complaint in the order they appear.
Attachment page 1 is a June 12, 2007 letter from Pioneer Credit Recovery, Inc. to Plaintiff.
Attachment page 2 is Plaintiff's May 17, 2007 letter to Defendant's Pension Maintenance Center, disputing the debt and requesting a waiver.
Attachment page 3 is a May 10, 2007 letter from Defendant to Plaintiff explaining why Defendant took money from Plaintiff's federal tax return.
Attachment page 4 is an April 13, 2007 letter from Defendant to Plaintiff noting receipt of Plaintiff's application for benefits.
Attachment page 5 is a February 16, 2007 letter from Department of the Treasury to Plaintiff noting the amount of a federal debt.
Attachment pages 6-7 are Plaintiff's undated Statements in Support of Claim. It appears these statements may possibly have been intended to support the letter copied as Attachment page 2.

such records exist or are subject to a FOIA Exemption. Plaintiff has failed to exhaust his administrative remedies, and Plaintiff's Complaint is not ripe. Accordingly, Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b).

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the Constitution or by Congress, cannot be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (a federal court's power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The Court may go beyond the allegations in the complaint and make evidentiary determinations relative to subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). In this case, Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

B.    The District Court Lacks Subject Matter Jurisdiction

Under FOIA, district courts of the United States have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The Supreme Court defined the limits of jurisdiction under this section. "[F]ederal jurisdiction is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Requiring an agency to disclose exempt information is not authorized by FOIA." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995). Similarly, requiring an agency to disclose information that has never been requested administratively contravenes the plain language of FOIA. An agency only has a duty to produce records "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees

(if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Only if such requirements are met shall the agency "make the records promptly available to" the requester. *Id.*

A district court has jurisdiction *only* to compel an agency to disclose improperly withheld agency records. *Id.* at 1015 (citing *Kissinger*, 445 U.S. at 150). An agency record is improperly withheld only if it does not fall within a FOIA exemption. *Id.* "Congress 'did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis.'" *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 803 (9th Cir. 1996), *quoting F.B.I. v. Abramson*, 456 U.S. 615, 631 (1982). This Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff never sought such information from Defendant, and therefore no records have been improperly withheld. If Plaintiff were to make a proper FOIA request for records, in accordance with 5 U.S.C. § 552(a)(3)(A), it might be that responsive records would be produced, it might be that no responsive records exist, or it might be that some or all responsive records are subject to a FOIA Exemption and may not be disclosed under § 552(b).[5] Therefore, Plaintiff's Complaint is not ripe.

Plaintiff's Complaint alleges that his prior pension payments stopped as of January 1, 2004, and that Defendant decided that Plaintiff owed a debt to the United States. Complaint at 2. Plaintiff also alleges that some $2,284.00 were diverted from his federal tax refund to pay the debt. *Id.* Plaintiff finally alleges that he is "entitled to any and all documentation whether paper and/or electronic improperly withheld by Defendants [sic]." *Id.* Plaintiff never alleges that he made a proper FOIA request to Defendant for any records. Plaintiff never alleges that any FOIA request he made to Defendant was denied or responded to in any way. Defendant independently finds no evidence or record of Plaintiff's FOIA request to Defendant for any records. *See* Callan Declaration, attached hereto as Exhibit A at ¶¶ 5-8.

//
//
//

---

[5] Once a court concludes that an agency has not improperly withheld records because the withheld information was subject to a FOIA exemption, a court has no equitable power to order release of the information absent the provision of another statute that mandates disclosure. *See Spurlock*, 69 F.3d at 1016-18.

1        Two requirements must be satisfied for a FOIA request to be deemed a proper request under the statute: (1) the request must "reasonably describe the requested records; and (2) the request must be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Here, neither requirement is satisfied.

        Because Plaintiff purports to seek records from the Department of Veterans Affairs, any request for records must comply with the procedural requirements set forth by that agency at 38 C.F.R. §§ 1.551-1.553. "An individual requesting information from the VA under FOIA must first make his request 'to the office concerned (having jurisdiction of the record desired) or, if not known, to the Director or Veterans Service Center Manager in the nearest VA regional office . . . or to the Department of Veterans Affairs Central Office, 810 Vermont Avenue NW., Washington, DC 20420." *Browder v. Fairchild*, No. 8cvP15-H, 2008 U.S. Dist. LEXIS 35603, at * 2-3 (W.D. Ky. Apr. 30, 2008) (quoting 38 C.F.R. § 1.553). Plaintiff has failed to allege that he ever made any such request.[6/] Moreover, Defendant is informed and believes that no such request for records was made administratively. *See* Ex. A at ¶¶ 6-8. Federal courts routinely hold that a failure to produce evidence of a FOIA request properly results in dismissal of a premature FOIA complaint. *See, e.g., Arnold v. U.S. Secret Serv.*, No. 05-0450, 2006 U.S. Dist. LEXIS 71832, at *4 (D.D.C. Sept. 29, 2006) (holding that a "certified mail return receipt is not competent evidence of plaintiff's compliance with the FOIA's exhaustion requirement"); *Schoenman v. FBI*, No. 04-2202, 2006 U.S. Dist. LEXIS 36243, at *33-35 (D.D.C. Mar. 31, 2006) (dismissing FOIA claims where agencies contended that they never received requests and noting that plaintiff provided no proof that draft requests were ever mailed and received by agency).

        Plaintiff has not alleged any statute other than FOIA that might require disclosure of records here, and none applies.[7/] Thus, the Court lacks jurisdiction to compel disclosure of the information, 5 U.S.C. § 552(a)(4)(B), and Plaintiff's Complaint should be dismissed.

//

---

    [6/]    If Plaintiff had made an administrative request for records and if such request were denied or otherwise allegedly insufficient, Plaintiff would then be required to appeal administratively. *See* 38 C.F.R. § 1.553(a). Only then would he be able to seek judicial review. *See id.*

    [7/]    Plaintiff cites 28 U.S.C. § 1333 as support for venue, but no other statute is alleged to give rise to the remedies he requests.

### C. Plaintiff Failed to Exhaust Administrative Remedies

In order to bring a lawsuit before a federal district court, a plaintiff must first have made a proper FOIA request. 5 U.S.C. § 552(a)(3)(A); *see also Nevada v. Dep't of Energy*, 517 F. Supp. 2d 1245, 1257 (D. Nev. 2007). "Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); *see also McDonnell v. United States*, 4 F.3d 1227, 1240 & n.9 (3d Cir. 1993) (affirming dismissal of FOIA complaint for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies); *Hymen v. MSPB*, 799 F.2d 1421, 1423 (9th Cir. 1986) (same). "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *Id.* at 466. The exhaustion requirement "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)).

Plaintiff here made no allegation that he exhausted his administrative remedies or even that a request for the records was received by Defendant, much less denied by Defendant. Defendant's records reflect that Plaintiff never filed a FOIA request for the records he describes in the Complaint. *See* Ex. A at ¶¶ 6-8. Because the plain text of the FOIA statute requires that requesters make a specific type of request to the proper agency or agency component before the statute places any burden upon the agency, 5 U.S.C. § 552(a)(3)(A), Plaintiff's failure to make a FOIA request for records is a failure to exhaust his administrative remedies. *See In re Steele*, 799 F.2d at 466. "A request for documents in a complaint does not constitute a proper discovery request, much less a proper FOIA request." *Smith v. Reno*, No. C-93-1316, 1996 U.S. Dist. LEXIS 5594, at *8 n.3 (N.D. Cal. Apr. 23, 1996). Plaintiff's Complaint should be dismissed under Rule 12(b)(1) because the Court lacks jurisdiction over Plaintiff's allegations in light of his failure to exhaust administrative remedies. *See id.*; *see also In re Steele*, 799 F.2d at 466.

### D. Requests for "Oral Hearing" Not Permitted by FOIA

Finally, FOIA provides no remedy or procedure for a person seeking an oral hearing. *See* Complaint at 1; *see also* 5 U.S.C. § 552(a)-(l). FOIA provides for the disclosure of requested records possessed by an agency that are not exempt from disclosure. *See* 5 U.S.C. § 552(a)-(b).

1     FOIA defines "record" as:

2        (A) any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format; and (B) any information described under subparagraph (A) that is maintained for an agency by an entity under Government contract, for the purposes of records management.

5 *Id.* at § 552(f)(2).

6     FOIA provides no basis for mandating that an agency hold an oral hearing. *See id.* at §§ 552(a)-(l). To the extent Plaintiff seeks an oral hearing, FOIA provides him no remedy.

8     IV

9     <u>CONCLUSION</u>

10     For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

13 Dated: May 29, 2008                              Respectfully submitted,
                                                         KAREN P. HEWITT
14                                                          United States Attorney

15                                                          s/ Megan Callan

16                                                          MEGAN CALLAN
                                                         Assistant U.S. Attorney
17                                                          Counsel for Defendants

18                                                          Email: Megan.Callan@usdoj.gov