1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10    KARAL HASANI EFIA BATTLE-EL, )        Civil No. 07cv2376-L (JMA)
                                   )
11              Plaintiff,         )
                                   )        **ORDER GRANTING DEFENDANT'S**
12        v.                       )        **MOTION TO DISMISS WITHOUT**
                                   )        **PREJUDICE [doc. #17] and**
13    DEPARTMENT OF VETERAN        )        **DIRECTING THE CLERK OF THE**
      AFFAIRS,                     )        **COURT TO CLOSE THIS CASE**
14                                 )
                                   )
15              Defendant.         )
                                   )
16    _____ )

17        Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under

18    Federal Rule of Civil Procedure 12(b)(1).  The Court notes that even though plaintiff was

19    advised of the filing requirements to oppose defendant's motion, he neither filed an

20    opposition to defendant's motion to dismiss[1] nor sought an extension of time in which to

21    respond to the motion.  Civil Local Rule 7.1.f.3 provides that "[i]f an opposing party fails to

22    file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute

23    a consent to the granting of a motion or other request for ruling by the court."

24    Notwithstanding the Local Rule, the Court will review defendant's motion on the merits.

25        Plaintiff's complaint seeks information under the Freedom of Information Act

26    ("FOIA"), 5 U.S.C. § 552.  But plaintiff has not alleged that he made a FOIA request for

27    records.

28

_____

[1]        Plaintiff's opposition was due not later than July 7, 2008.

07cv2376

1   FOIA provides "a statutory right of public access to documents and records held by

2   federal government agencies." *Gould, Inc. v. General Services Admin.*, 688 F. Supp. 689, 693

3   (D.D.C.1988).  "FOIA vests jurisdiction in federal district courts to enjoin an 'agency from

4   withholding agency records and to order the production of any agency records improperly

5   withheld from the complainant.'"   *Kissinger v. Reporters Comm. for Freedom of the Press*,

6   445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4) (B)).  FOIA requires a records

7   request to "reasonably" describe requested records and to comply with "published rules

8   stating the time, place, fees (if any), and procedures to be followed."  *See* 5 U.S.C. §

9   552(a)(3)(A).

10   "[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial

11   review under FOIA."   *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111,

12   112 (D.D.C. 2001).  Prior to seeking judicial review, a records requester must exhaust his/her

13   administrative remedies, including filing a proper FOIA request.  *Sands v. United States*,

14   1995 WL 552308, *3 (S.D. Fla.1995); *see Hedley v. United States*, 594 F.2d 1043, 1044 (5th

15   Cir. 1979). If a records requester fails to exhaust administrative remedies, the lawsuit may be

16   dismissed for lack of subject matter jurisdiction.  *Heyman v. Merit Systems Protection Board,*

17   799 F.2d 1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987); *Judicial Watch*, 160

18   F. Supp.2d at 112 ("Where plaintiff has failed to exhaust its administrative remedies prior to

19   filing with the court, the case is subject to dismissal for lack of subject matter jurisdiction.")

20   "The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in

21   the administrative process." *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir.

22   1969).

23   Plaintiff has not alleged that he made a FOIA request for records.  In the absence of a

24   request for records, the agency has no duty to produce records and there can be no records

25   improperly withheld by defendants.  Because plaintiff has not exhausted his administrative

26   remedies, the Court will dismiss this case without prejudice.

27   / / /

28   / / /

/ / /

2

1    Based on the foregoing, defendant's motion to dismiss for lack of subject matter

2  jurisdiction is **GRANTED** without prejudice.   The Clerk of the Court is directed to close

3  this case.

4    **IT IS SO ORDERED.**

5  DATED: August 4, 2008

6  _____
    M. James Lorenz

7    United States District Court Judge

8  COPY TO:

9  HON. JAN M. ADLER
    UNITED STATES MAGISTRATE JUDGE

10

11  ALL PARTIES/COUNSEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3